Kenneth WEPPLER, Appellant,

v.

Dennis N. STANSBURY, Appellee.

No. 66A03–9705–CV–160.

Court of Appeals of Indiana.

May 18, 1998.

---

Steven M. Bush, Millbranth and Bush, Valparaiso, for Appellant.

Timothy P. Broden, Broden and Miller, Lafayette, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant Kenneth Weppler appeals the trial court's order denying his motion for relief from a judgment based upon Ind.Trial Rule 60(B)(8). Weppler's sole contention is that the trial court abused its discretion in failing to grant the motion. The facts relevant to review are recited below.

In a memorandum decision issued October 22, 1996, this Court affirmed a judgment in favor of Dennis Stansbury finding Weppler liable for a loan by Stansbury in the amount of $15,000.[1] The underlying facts disclose that the loan originated when John Ash, who along with Stansbury represented a life insurance company, approached Weppler about contributing additional funds to a previously issued $700,000 life insurance on Weppler's life. Stansbury suggested loaning Weppler the $15,000. An agreement purporting to be a promissory note was executed.

Weppler received $15,000 from Stansbury and an additional $5,000 from Ash. Weppler did not report the amounts as income on any tax return. Ash and Stansbury received sub-

---

1. The trial court's judgment regarding post-judgment interest in the amount of 10% was reversed, and the cause was remanded with in- structions to order interest in the statutory amount of 8% per annum. The cause was affirmed in all other respects.

stantial commissions. Weppler withdrew $23,000 of the net surrender value of approximately $28,000. Weppler failed to repay the $15,000 to Stansbury.

Stansbury instituted proceedings for repayment of the loan. The parties stipulated that the written agreement did not constitute a promissory note. The trial court conceded that some facts of the transaction "appear[ed] suspicious;" however, the court found that an enforceable contract existed and awarded the judgment.

Weppler appealed resulting in the previous decision by this Court on October 22, 1996. In that appeal, this Court addressed Weppler's allegations that Stansbury committed fraud in procuring the agreement for the loan and that the agreement was void as against public policy. As noted above, the judgment was affirmed as to the $15,000 loan.

While the first appeal was pending, Weppler reported the transactions by filing a complaint with the Indiana Department of Insurance concerning both Stansbury and Ash. As a result, on August 23, 1996, an agreed entry was executed between the Department and Ash resolving a Statement of Charges filed by the Department alleging violation of the Indiana insurance laws. Also, Stansbury and the Department executed an agreed entry filed with the Department on October 1, 1996. Stansbury pleaded "no contest" to the Statement of Charges with the caveat that he did not admit to *"knowingly* violating any State law or regulations regarding the sales of insurance." Stansbury agreed to pay a civil fine in the amount of $250.

On December 9, 1996, Weppler filed with the trial court a motion for relief from the judgment. The trial court's denial of that motion forms the basis of the present appeal. Weppler alleged that, based upon the agreed entries between Ash and Stansbury and the Department, additional evidence existed to support his contentions at the trial. Specifically, Weppler alleged that the trial court "should now be able to conclude that Weppler, Stansbury and Ash entered into an agreement constituting a conspiracy to submit false premium payment claims to [the insurer] in order to receive and split commis-

sions, and that the agreement should be void as against public policy[.]"

Stansbury opposed the motion. A hearing was held and evidence was presented. On January 22, 1997, the trial court issued its order denying Weppler's motion for relief. This appeal ensued.

Weppler presents one issue for review: whether the trial court abused its discretion by denying Weppler's motion for relief from the judgment based upon T.R. 60(B)(8). Weppler contends that the agreed entries support his original theory that the contract is void as against public policy; thus, the trial court should exercise its equitable powers and vacate the original judgment.

In pertinent part, Ind. Trial Rule 60(B) provides:

> **Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;
>
> \* \* \*
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

■ A motion pursuant to the rule is addressed to the equitable discretion of the court. Our scope of review for the grant or denial of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Summit Account & Computer v. Hogge,* 608 N.E.2d 1003, 1005 (Ind.Ct.App.1993). Further to prevail on a T.R. 60(B) motion, a petitioner must demonstrate a good and meritorious defense or claim in the action. *See Burke v. DeLarosa,* 661 N.E.2d 43, 45 (Ind.Ct.App. 1996).

■ Under T.R. 60(B)(1–4), a trial court's discretion to set aside a judgment is limited to a time period of one year. However, T.R. 60(B)(8) allows the trial court to exercise broader equitable powers by imposing a time limit based only upon reasonableness. Nevertheless, under T.R. 60(B)(8), the party asking for relief must show that its failure to act or the result was not merely due to an omission involving mistake, surprise, or excusable neglect. Rather, some extraordinary circumstances must be affirmatively demonstrated. Further, as noted by Stansbury, subdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivision of T.R. 60(B). *See Summit,* 608 N.E.2d at 1005–1006.

■ Here, the trial court found that Weppler's motion properly fell within the confines of subdivision (8), inasmuch as the evidence was not so much newly discovered, as it was not in existence at the time of the trial. The trial court determined that had the evidence been in existence, it was not of a nature to require a finding for Weppler.

■ Placing aside any questions as to the timeliness of the motion, its propriety under subdivision (8), and Stansbury's arguments regarding law of the case,Weppler is requesting that this Court find an abuse of discretion based upon an inference. Weppler contends that the agreed entries disclose violations of IND. CODE § 27–1–15.5–8(a)(9) (1996 Supp.) regarding insurance licensee's "fraudulent, coercive, or dishonest practices, or ... [being] incompetent, untrustworthy, or financially irresponsible, or not performing in the best interests of the insuring public."

The agreed entry between Stansbury and the Department was not explicitly based upon the above insurance code section. In fact, the agreement specifies that Stansbury does not admit *"knowingly* violating any State law or regulations regarding sales of insurance." Weppler infers, because Ash agreed that he had violated the section and the transaction included Stansbury, that Stansbury also violated the section. As found by the trial court, the evidence of the agreed entry between the Department and Stansbury does not require a conclusion that Stansbury committed fraud or that the loan agreement was not enforceable.

In short, Weppler requests that after a trial and a previous appeal upholding the judgment in relevant part, this Court should reweigh evidence and rejudge credibility to find that the trial court abused its discretion. Weppler has failed to meet the rather onerous burden placed upon those who request such extraordinary relief.

The judgment of the trial court is affirmed.

Affirmed.

RUCKER and STATON, JJ., concur.