724 N.E.2d 245 (2000)
In re The ADOPTION OF I.K.E.W.
William W. Cummings and Mary Susan Cummings, Appellants,
v.
Joseph and Saundra Roberts, St. Joseph County Office of Family and Children, and Guardian Ad Litem, Appellees.
No. 71A03-9909-CV-344.
Court of Appeals of Indiana.
February 10, 2000.
*247 Debra Voltz-Miller, Fred R. Hains, South Bend, Indiana, for Attorneys for Appellants.
Martha L. Wischmeyer, Valparaiso, Indiana, Attorney for Appellees Joseph and Saundra Roberts.
John E. Broden, Botkin & Leone, South Bend, Indiana, for Attorney for Appellee St. Joseph County Office of Family and Children.

*246 OPINION
BROOK, Judge.

Case Summary
Appellants William W. Cummings ("William") and Mary Susan Cummings ("Mary") (collectively, "the Cummings") appeal the trial court's denial of the following: (1) the Cummings' motion to consolidate their petition to adopt William's biological granddaughter, I.K.E.W., with the adoption proceedings initiated by appellees Joseph and Saundra Roberts (collectively, "the Roberts"); and (2) the Cummings' motion to intervene and request for relief from the trial court's judgment granting the Roberts' adoption of I.K.E.W.
We reverse and remand.

Issues
The Cummings present two issues for our review, only one of which we find to be dispositive: whether the trial court erred when it failed to notify them of a hearing on the Roberts' adoption petition.

Facts and Procedural History
The facts most favorable to the trial court's judgment indicate that I.K.E.W., born on January 11, 1994, was placed in foster care with the Roberts on July 16, 1994, by the St. Joseph Office of Family and Children ("the OFC"). On October 22, 1998, the St. Joseph County Juvenile Court terminated the parental rights of I.K.E.W.'s natural parents. On October 23, 1998, the Cummings filed a petition for her adoption in St. Joseph County Probate Court under cause number 71J01-9810-AD-121. On that date, the Cummings also filed a request for change of judge pursuant to Ind. Trial Rule 76(B).[1] The trial court granted the Cummings' request that same day and appointed a panel of three special judges pursuant to Ind. Trial Rule 79(F)(1)[2] from which the Cummings and *248 the OFC could choose a judge to assume jurisdiction of the Cummings' petition.
On October 27, 1998, the Roberts also filed a petition to adopt I.K.E.W. in St. Joseph County Probate Court under cause number 71J01-9810-AD-122. The Cummings were never served with notice of this petition; thus, they never filed an appearance in this cause or an objection thereto. On November 2, 1998, the OFC filed an objection to the Cummings' petition, stating that it had "an alternative permanency plan for [I.K.E.W.]" On November 9, 1998, the Cummings struck a judge from the panel submitted by the trial court. Several months later, on February 22, 1999, the OFC filed its consent to the Roberts' adoption of I.K.E.W. On March 22, 1999, the trial court scheduled a hearing on the Roberts' petition for April 9, 1999, at 1:00 p.m. On April 6, 1999, the Cummings filed a motion for continuance of the Roberts' hearing and for consolidation of the two causes, which contained the following language:
4. Petitioners' correspondence with the [OFC] and their filings with this Court, show they have repeatedly expressed a desire to have a relationship with [I.K.E.W.] and consistently requested visitation, guardianship and/or adoption of [I.K.E.W.]
5. While Petitioners have received no notice, it is their understanding that a final hearing on [the Roberts' petition] has been set for Friday, April 9, 1999. Petitioners would respectfully request this hearing be postponed until [the Cummings' petition] has also been fairly and justly considered and evaluated.
6. In addition, Petitioners request pursuant to [Ind. Trial Rule 42][3] that these two causes be consolidated into one action in that there are common questions of fact and law which need to be addressed at one time and in one case.
7. Lastly, pursuant to [IND.CODE §] XX-XX-XX-X, Petitioners request that the Clerk set a hearing to hear and rule upon the Objection filed by the [OFC].
WHEREFORE, Petitioners pray that the Court consolidate the above referenced cases, grant a continuance so that [the Cummings' petition] may be fairly and justly considered, that a hearing be scheduled on the [OFC's] Objection and for any and all other relief which the Court finds to be appropriate.
The trial court scheduled a hearing on the Cummings' motion on April 9, 1999, at 1:30 p.m.
The trial court conducted a hearing on the Roberts' petition on April 9, 1999, at 1:00 p.m. and entered an order granting their adoption of I.K.E.W. One-half hour later, the trial court informed the Cummings that it had no jurisdiction "to hear anything on [their] case" because "no one else" had struck a judge from the panel it had submitted in response to their request for change of judge.[4] When the Cummings' attorney asserted that the court had two pending petitions to adopt the same child, the trial court responded,
This one is I don't have jurisdiction on this case, so it's not before this Court, it is still kind of in limbo waiting for the strike of the second party, the second Judge from the panel which hasn't happened. I am not sure who is [to] blame for that, is it the Clerk or I am not sure how the Clerk would know to do that *249 unless somebody would notify the Clerk that someone else, a non-moving party [the OFC] failed to timely strike, which is what happened here. But I don't think anything can happen in this case until that Judge is stricken.
The clerk subsequently struck a second judge from the panel, and the remaining judge filed his acceptance of his appointment to the Cummings' cause on April 12, 1999.
On April 29, 1999, the Cummings filed a motion to intervene in the Roberts' cause and requested relief from the trial court's judgment granting the Roberts' petition. After a hearing on May 10, 1999, the trial court denied the Cummings' motion, giving rise to this appeal.

Discussion and Decision
The Cummings appeal from their motion for relief from judgment pursuant to Ind. Trial Rule 60(B). In their motion, the Cummings requested to intervene in the Roberts' cause, presumably under Ind. Trial Rule 24(A) and (C),[5] and asserted that they had been denied their due process right to notice of a hearing on the Roberts' petition. As a threshold consideration, noncustodial grandparents are not entitled to intervene in adoption proceedings. See Krieg v. Glassburn, 419 N.E.2d 1015, 1019-21 (Ind.Ct.App.1981). In Kennedy v. Kennedy, 688 N.E.2d 1264, 1268 (Ind.Ct.App.1997), trans. denied, we noted with respect to grandparent visitation that "[a]lthough a handful of cases have afforded grandparents due process rights with respect to their grandchildren, a careful examination of those cases reveals that a liberty interest exists only where the grandparent-grandchild relationship is essentially a custodial one." Such is not the case here.[6]
*250 Having established this much, we note that T.R. 60(B)(8) provides relief "from the operation of the judgment" for any reason other than those set forth in the other subparagraphs of the rule. In reviewing a grant or denial of a party's T.R. 60(B) motion, we are limited to determining whether the trial court abused its discretion. Weppler v. Stansbury, 694 N.E.2d 1173, 1176 (Ind.Ct.App.1998). "An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inference supporting the judgment for relief." Id.
[U]nder T.R. 60(B)(8), the party asking for relief must show that its failure to act or the result was not merely due to an omission involving mistake, surprise, or excusable neglect. Rather, some extraordinary circumstances must be affirmatively demonstrated. Further,...subdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivisions of T.R. 60(B).
Id.
The basis of the Cummings' motion for relief was their failure to receive notice of the hearing on the Roberts' adoption petition. Although we cannot address their argument in the context of due process, we now consider IND.CODE § 31-19-4-10, which reads as follows:
The court shall give notice of hearing and the opportunity to file objection to parents, putative fathers, other necessary parties, and interested parties that the court in the court's discretion directs.
The Cummings were unquestionably "interested parties" under the statute, having filed a competing petition for adoption, and we therefore conclude that the trial court abused its discretion when it failed to notify them of the Roberts' hearing. We find it extremely troubling that the hearing on the Cummings' motion was scheduled to convene one-half hour after the hearing on the Roberts' petition; regardless of whether the trial court was aware of the coincidence, this administrative breakdown only compounds the severity of the extraordinary circumstances that compel our reversal of the trial court's judgment.[7]
Although the Cummings may have had knowledge of the Roberts' petition, they never received service of notice of their pending adoption pursuant to IND.CODE § 31-19-10-1, which triggers the 30-day deadline for filing a motion to contest an adoption. See IND.CODE § 31-19-10-1 ("A person contesting an adoption must file a motion to contest the adoption with the court not later than thirty (30) days after service of notice of the pending adoption."). "As a general rule, where a statute requires notice but does not specify the manner of delivery, any method selected for delivery is sufficient so long as it provides the person to be notified with actual notice." Miller v. Culver Community Schools Corp., 493 N.E.2d 181, 182 (Ind.Ct. App.1986). "Actual notice is that notice which `has been directly and personally given to the person to be notified.'" Id. (citation omitted). Thus, the trial court's failure to notify the Cummings of the hearing on the Roberts' petition deprived them of their opportunity to follow the applicable statutory guidelines to contest or object to the petition.
In holding that the trial court erred when it failed to notify the Cummings as "interested" parties under IND.CODE § 31-19-4-10, *251 we necessarily impose upon trial courts[8] an affirmative duty to inquire as to who may be an "interested" party entitled to notice of an adoption hearing under the statute. Because adoption proceedings are statutorily accorded a high degree of confidentiality, a party who files an adoption petition may not always be aware of a "competing" adoption petition that has already been (or will subsequently be) filed with the same court; thus, the duty to inquire is not limited to a query of the petitioner. Given that more than one judge may have jurisdiction over adoption cases in heavily populated counties, and that competing petitions to adopt the same child may be filed in different counties, the necessity of imposing an affirmative duty to inquire becomes even more apparent. We are mindful of the additional administrative burden that trial courts may bear in complying with this duty, but we are equally cognizant that adoption proceedings must always be guided by the best interests of the child involved.
However, we do not go so far as to say that the trial court was required to consolidate and hold an evidentiary hearing on the competing petitions, as the Cummings have advocated. We are confident that the Indiana Trial Rules and the adoption statutes, when conscientiously and diligently followed, provide ample procedural guidance for competing adoption petitions to be decided justly and expeditiously at the discretion of the trial court and in the best interests of the child involved. Indeed, we conclude that the trial court did not err by failing to consolidate the two causes in the case at bar because it did not have jurisdiction to rule on the Cummings' motion by virtue of their pending motion for change of judge.[9]
In summary, we conclude that the trial court abused its discretion when it denied the Cummings relief from its judgment granting the Roberts' adoption of I.K.E.W. We therefore reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NAJAM and ROBB, JJ., concur.
NOTES
[1] T.R. 76(B) reads in relevant part, "In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge."
[2] T.R. 79(F)(1) reads in relevant part, "Within two (2) days of deciding that a special judge must be appointed under this section, the judge before whom the case is pending shall submit a panel of three persons . . . to the parties for striking." T.R. 79(D) outlines the procedure for choosing a special judge by agreement.
[3] Ind. Trial Rule 42(A) reads as follows:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein to avoid unnecessary costs or delay.
[4] T.R. 79(F)(3) reads, "If the moving party fails to timely strike, the judge who submitted the panel shall resume jurisdiction of the case. If the case is an ex parte proceeding or if a non-moving party fails to timely strike, the Clerk of the Court shall make the final strike."
[5] T.R. 24(A) allows a party to intervene "of right" when he "claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties." T.R. 24(C) allows a party to file a motion to intervene "after trial or after judgment for purposes of a motion under rules 50, 59, or 60[.]" In their motion for relief, the Cummings refer to Ind. Trial Rule 19 with respect to intervening as "proper" and "necessary" parties. T.R. 19 addresses the concept of joinder, which "pertains to those who may be parties to the action from the outset and those who may be brought into the suit by the original parties." Krieg v. Glassburn, 419 N.E.2d 1015, 1017 (Ind.Ct.App.1981).
[6] In Kennedy, we further observed that

[g]randparents had no legal right to visit their grandchildren under the common law. While parents may have had a moral obligation to allow visitation, the failure to adhere to such a moral code left the grandparents with no legal recourse. Using a derivative rights theory, the grandparents' right derives from and is secondary to the parents' right so grandparents could visit only with the permission of the grandchild's parents. Courts were reluctant to enforce visitation contrary to the parental wishes.
688 N.E.2d at 1268 (quoting 30 FAM.L.Q. 753, 757 (1996)). Because the parental rights of I.K.E.W.'s mother' were terminated before the commencement of adoption proceedings, any of the Cummings' derivative due process rights with respect to visitation, custody, or adoption were effectively extinguished by the time they filed their petition. Moreover, it is well settled that "[r]elatives have no preferential legal right to adopt" in Indiana. In re Adoption of Childers, 441 N.E.2d 976, 980 (Ind.Ct.App.1982). Finally, the Cummings may not assert I.K.E.W.'s due process rights on her behalf; not only are constitutional rights personal to an individual, Kirkland v. State, 249 Ind. 305, 308, 232 N.E.2d 365, 366 (1968), but I.K.E.W.'s interests were represented by a guardian ad litem throughout the termination and adoption proceedings. Cf. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 629, 111 S.Ct. 2077, 2087, 114 L.Ed.2d 660 (1991) (litigant may raise a claim on behalf of third party if litigant "can demonstrate that he or she has suffered a concrete, redressable injury, that he or she has a close relation with the third party, and that there exists some hindrance to the third party's ability to protect his or her own interests."). In summary, the Cummings have failed to demonstrate that they ever possessed a protected interest in the adoption of I.K.E.W.; their petition expresses nothing more than a strong desire to adopt, which cannot be equated with a due process liberty interest.
[7] "[L]ack of notice of certain proceedings occurring in a pending action is insufficient grounds for granting equitable relief under T.R. 60(B)." G.H. Skala Const. Co. v. NPW, Inc., 704 N.E.2d 1044, 1048 (Ind.Ct.App. 1998), trans. denied (1999) (emphasis added) (quoting Graham v. Schreifer, 467 N.E.2d 800, 804 (Ind.Ct.App.1984)). In the instant case, the trial court  not the Roberts  was responsible for giving notice of the adoption hearing to all necessary and interested parties. See IND.CODE § 31-19-4-10. We conclude that the trial court's failure to notify the Cummings of the hearing, which may have led to a resolution of the adoption proceedings for all interested parties, is clearly sufficient grounds for granting the Cummings equitable relief under T.R. 60(B).
[8] See IND.CODE § 31-19-1-2 (in each Indiana county that has a separate probate court, "[t]he probate court has exclusive jurisdiction in all adoption matters.").
[9] It is well settled that upon the filing of a motion for change of judge under T.R. 76, the trial court is divested of jurisdiction except to grant the change of venue or to act on emergency matters. See, e.g., State ex rel. Wade v. Cass Circuit Court, 447 N.E.2d 1082, 1083 (Ind.1983). Consequently, absent any question concerning the motion for change of judge or any emergency matter, the trial court did not have jurisdiction to consider any motions in the Cummings' cause.