In re the **PATERNITY OF**
**T.G.T., a minor.**

**Lindsey Clark, Appellant–Petitioner,**

v.

**Brandon Taylor, Appellee–Respondent.**

**No. 62A01–0308–JV–296.**

Court of Appeals of Indiana.

Feb. 27, 2004.

Rehearing Denied April 20, 2004.

Michael H. Hagedorn, Tell City, IN, Attorney for Appellant.

James G. Tyler, Tell City, IN, Attorney for Appellee.

**OPINION**

NAJAM, Judge.

**STATEMENT OF THE CASE**

Lindsey Clark ("Mother") appeals the trial court's denial of her motion for relief from judgment under Trial Rule 60(B).

We reverse and remand.[1]

1. We deny Mother's request for oral argument.

## FACTS AND PROCEDURAL HISTORY

Mother and Brandon Taylor ("Father") lived together out of wedlock, and Mother became pregnant with Father's child in early 2002. Father's sister arranged for Mother and Father to meet with attorney James Tyler to establish Father's paternity. On May 4, 2002, Mother, Father, and Father's sister met with Tyler and discussed the terms of a joint petition to establish paternity. Tyler advised Mother that he represented Father and that she would have to get her own attorney if she wanted one. Mother did not hire her own attorney.

Tyler prepared the parties' joint petition to establish paternity, which included a request that the trial court enter an order regarding custody, visitation rights, and child support after the child was born. On June 21, 2002, Tyler filed the following documents with the trial court: 1) the signed joint petition to establish paternity; 2) an appearance form on behalf of Father; and 3) a notice of hearing. Tyler did not provide for service on Mother of either the appearance or the notice of hearing. The trial court scheduled the hearing for July 12, 2002. On June 27, 2002, Tyler sent Mother and Father a letter notifying them of the July 12 hearing. But according to the Chronological Case Summary ("CCS"), that hearing was "continued pending service."

The hearing on the parties' petition was never rescheduled. Tyler prepared a "Judgment Entry" establishing Father's paternity, stating that the parties would share joint custody of their unborn child and that Father would have primary physical custody. In addition, the parties agreed to "share equally the financial responsibility for the care of the unborn child." The first sentence of the proposed judgment indicates that Tyler was representing Father and that Mother was pro se. Mother and Father signed their names and indicated that they "read and agreed to" the terms of the proposed judgment. On September 23, 2002, the trial court signed the judgment. Nothing in the trial court's order addresses the issues of child support or visitation. Mother was never served with a copy of the judgment.

The parties' daughter, T.G.T., was born on October 7, 2002. Mother and Father continued to live together until March 2003. When Mother and Father could not agree on how to divide their time with T.G.T., Mother contacted an attorney and obtained copies of the joint petition, notice of hearing, and judgment from Tyler's office. On March 27, 2003, Mother filed a motion for relief from judgment under Trial Rule 60(B)(1), (3), and (8). Following a hearing, the trial court denied that motion. This appeal ensued.

## DISCUSSION AND DECISION

Mother maintains that the trial court abused its discretion when it denied her Trial Rule 60(B) motion. We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Ross v. Bachkurinskiy*, 770 N.E.2d 389, 392 (Ind. Ct.App.2002). The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.* On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Packer v. State*, 777 N.E.2d 733, 738 (Ind.Ct.App.2002).

Trial Rule 60(B) provides in relevant part:

[T]he court may relieve a party . . . from an entry of . . . [a] final order . . . for the following reasons:

(1) mistake, surprise, or excusable neglect;

* * *

(3) fraud . . ., misrepresentation, or other misconduct of an adverse party; [or]

* * *

(8) any reason justifying relief from the operation of the judgment.

Mother contends that she is entitled to relief from the trial court's judgment under subsections (1), (3), and (8). She maintains that Tyler never told her he was not representing her or that she should consult her own attorney; that she did not read the proposed judgment before she signed it; that she did not understand the meaning of "primary physical custodian;" and that the proceedings did not comply with Indiana Code Sections 31–14–10–1 and –3 or 31–14–13–1 and –2.

■ We address a single dispositive issue, namely, whether Mother is entitled to relief from judgment under Trial Rule 60(B)(8). It is undisputed that Mother was not represented by counsel in this paternity action and that she was not served with copies of any of the pleadings. Perhaps most importantly, Mother did not receive service of notice of the hearing on the joint petition to establish paternity, and it is undisputed that she never agreed to forgo that hearing. It is also undisputed that no hearing was ever held on the petition. Thus, neither party submitted evidence regarding the child's best interests, and nothing was submitted regarding provisions for child support or visitation. Indeed, the trial court did not make any determination regarding the child's best interests, child support, or visitation. Both the parties' joint petition and the judgment are silent on those issues.

Indiana Code Section 31–14–10–1 provides:

Upon finding that a man is the child's biological father, the court *shall*, in the initial determination, *conduct a hearing to determine the issues of support, custody, and visitation.* Upon the request of any party or on the court's own motion, the court may order a probation officer or caseworker to prepare a report to assist the court in determining these matters.

(Emphasis added). Indiana Code Section 31–14–10–3 provides:

The court may make findings and orders without holding the hearing required by section 1 of this chapter *if:*

(1) the mother and the alleged father execute and file with the court a verified written stipulation; or

(2) the parties have filed a joint petition; *resolving the issues of custody, child support, and visitation.* The court shall incorporate provisions of the written stipulation or joint petition into orders entered under this section.

(Emphases added).

In denying Mother's motion for relief from judgment, the trial court found that while it "did not strictly comply with the statutory framework cited by the Mother, the Joint Petition to Establish Paternity . . . and the Judgment Entry . . . substantially comply with the requirements of I.C. 31–14–10–3 and Trial Rule 58." We cannot agree. It is undisputed that the parties did not file a "verified written stipulation" and that their joint petition does *not* resolve the issues of child support or visitation. Thus, the trial court was not authorized to enter judgment without first

holding the hearing as required by Section 31–14–10–1.[2]

Indiana Code Section 31–14–13–2 provides:

*The court shall determine custody in accordance with the best interests of the child.* In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

 (A) the child's parents;

 (B) the child's siblings; and

 (C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic violence by either parent.

(Emphasis added). Nothing in the record indicates that the trial court considered evidence on the child's best interests before approving the parties' proposed judgment.

 When custody, support, or visitation issues are being determined, the best interests of the child are the primary consideration. *In re Paternity of K.J.L.*, 725 N.E.2d 155, 158 (Ind.Ct.App.2000). Though the wishes of the parent are to be given great weight, "*it is the duty of the trial court to determine if any agreement is in the best interests of the child.*" *Id.* (emphasis added). Therefore, no agreement between parties that affects custody, regardless of whether it is in the first instance or upon modification, is automatically binding upon the trial court. *Id.* While we acknowledge that the courts of this state have always encouraged parties to enter into agreements settling their own affairs, agreements pertaining to the support and custody of children are of a different character and will not be deemed effective unless, and until, they are approved by the court. *Id.*

In *K.J.L.*, this court considered whether a mother could repudiate an oral settlement agreement regarding the modification of custody, support, and visitation after she and father had orally recited that agreement to the court during a hearing but before the court had approved it. The trial court ultimately determined that the oral agreement was enforceable and approved it. On appeal, we held that the trial court erred when it approved the agreement without holding a hearing on the issue of mother's repudiation, and we reversed the trial court's judgment. *See id.* Here, if we were dealing with a direct appeal from the trial court's judgment, we would likewise reverse on the grounds that the trial court did not conduct a hearing on the petition to establish paternity. But this is an appeal from a denial of a Trial Rule 60(B)(8) motion, and we cannot re-

---

**2.** The dissent would hold that the parties' joint petition and proposed judgment substantially comply with Indiana Code Section 31–14–10–3, even though the parties never submitted a verified stipulation to the court and neither the petition nor the proposed judgment resolves the issues of child support and visitation. But, under the plain meaning of Indiana Code Section 31–14–10–1, a hearing is *required* unless one of the exceptions in Indiana Code Section 31–14–10–3 applies. Because neither exception applies here, Mother is entitled to a hearing.

verse the trial court unless we conclude that its denial of the motion was clearly erroneous.

In *In re Adoption of I.K.E.W.*, 724 N.E.2d 245 (Ind.Ct.App.2000), this court reversed a trial court's denial of a Trial Rule 60(B)(8) motion where the court had not notified "interested parties" to an adoption of the hearing on the adoption petition. In that case, both the child's biological grandfather, William Cummings, and his wife and the child's foster parents, the Robertses, filed petitions to adopt her. But the Cummingses were never served with notice of the Robertses' petition, so they did not enter an appearance or file an objection in that separate action. The Office of Family and Children eventually filed its consent to the Robertses' adoption of I.K.E.W., and the trial court set the matter for a final hearing. When the Cummingses finally learned of the competing adoption, they asked the court to continue the Robertses' hearing and to consolidate the two causes. The trial court scheduled a hearing on that motion, but it first conducted the final hearing on the Robertses' petition and granted it. The trial court subsequently denied the Cummingses' motion for relief from the judgment.

On appeal, the Cummingses asserted that they had been denied their due process right to notice of the hearing on the Robertses' petition. The Cummingses maintained that the trial court should have granted their motion for relief from the judgment under Trial Rule 60(B)(8). We noted that Indiana Code Section 31–19–4–10 requires the trial court to notify "interested parties" of a hearing on an adoption petition and to give them an opportunity to file an objection. We observed that the Cummingses were "unquestionably" interested parties having filed a competing adoption petition, and we concluded that

the trial court abused its discretion when it failed to notify them of the Robertses' hearing. *Id.* at 250.

We went on to note that "[a]lthough the Cummings[es] may have had knowledge of the Roberts[es]' petition, they never received service of notice of their pending adoption" pursuant to the statute. *Id.* Thus, we held that "the trial court's failure to notify the Cummings[es] of the hearing on the Roberts[es]' petition deprived them of their opportunity to follow the applicable statutory guidelines to contest or object to the petition." *Id.* And we concluded that "the trial court's failure to notify the Cummings[es] of the hearing, which may have led to a resolution of the adoption proceedings for all interested parties, is clearly sufficient grounds for granting the Cummings[es] equitable relief under T.R. 60(B)." *Id.* at n. 7.

While the facts and procedural posture of this case are different from those in *I.K.E.W.*, the significance of the trial court's failure to comply with the relevant statutory scheme is just as great. Trial Rule 60(B)(8) authorizes relief from a judgment "where under all the circumstances a need is clearly demonstrated." WILLIAM F. HARVEY, 4 INDIANA PRACTICE RULES OF PROCEDURE ANNOTATED § 60.12 (3rd ed.2003). Here, the trial court failed to conduct a hearing as required by Indiana Code Section 31–14–10–1 and failed to determine the child's best interests under Indiana Code Section 31–14–13–2. While the parties agreed that Father would have primary physical custody of their child, they did not submit any evidence regarding whether that arrangement was in the child's best interests. Nor did the parties or the trial court resolve the issues of child support or visitation.

This court has consistently recognized and emphasized the importance of the trial

court's duty to determine if any custody agreement is in the best interests of the child. *See K.J.L.,* 725 N.E.2d at 158; *see also Mundon v. Mundon,* 703 N.E.2d 1130, 1136 (Ind.Ct.App.1999) (holding "where provisions are made in the interest of the support and custody of children, as opposed to those which merely set forth rights in property, our legislature and sound public policy dictate that the trial court must play a role, and settlement agreement cannot be shielded from or circumvent the court's fulfillment of that duty."); *Keen v. Keen,* 629 N.E.2d 938, 941 (Ind.Ct.App.1994) (holding trial court not bound by parents' agreement regarding custody and visitation, especially where agreement is ambiguous and will "demand further litigation;" trial court must determine whether agreement is in best interests of child).

Given the strong policy considerations where child custody is at issue, the complete lack of evidence regarding the child's best interests in this case, and the lack of any provision for child support or visitation, we hold that the trial court abused its discretion when it denied Mother's motion for relief from judgment.[3] *See I.K.E.W.,* 724 N.E.2d at 250; *see also, e.g., Stewart v. Hicks,* 182 Ind.App. 308, 395 N.E.2d 308 (1979) (reversing trial court's denial of 60(B)(8) motion for relief from judgment to allow defaulted defendant opportunity to dispute amount of damages in contract dispute). We reverse and remand for further proceedings consistent with this opinion. Finally, we note that on remand, Mother shall have sole legal custody of T.G.T. pursuant to Indiana Code Section 31–14–13–1 pending further order of the trial court.

Reversed and remanded.

---

3. Our holding is limited to the circumstances present here, where the parties have not satisfied the requirements of Indiana Code Section

MAY, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent and cannot agree with the majority's conclusion that Clark is entitled to relief from the trial court's judgment under Trial Rule 60(B). In my view, the joint petition and the proposed "Judgment Entry" prepared by Tyler establishing paternity and custody issues with respect to T.G.T. substantially satisfy the requirements of Indiana Code section 31–14–10–3, just as the trial court held.

The statute clearly provides that a hearing is not required if "the mother and the alleged father execute and file with the court a verified written stipulation; or the parties have filed a joint petition resolving the issues of custody, child support, and visitation." It is my position that this is precisely what the September 23, 2002 signed judgment accomplished, and the entry memorialized the agreement of Taylor and Clark at the May 4, 2002 meeting. Inasmuch as Tyler made it clear to Clark that he was representing Taylor in the matter, and the trial court determined that she understood that revelation, Clark may not successfully claim that she was acting under duress or was coerced into signing the agreed judgment.

To me, it is of no moment that Clark was not served with notice of the hearing on the joint petition to establish paternity. There was no need to serve her with that notice because the record demonstrates that Clark participated in, and "read and agreed to" the terms of the proposed judgment. Appellant's App. p. 13. To be sure,

---

31–14–10–3, which permits the trial court to make findings and orders without a hearing.

it was established that the parties met with Tyler and had two minor changes made in the proposed entry. Taylor and Clark then reviewed the entry and signed it. Appellant's App. p. 19.

That said, it is apparent to me that the judgment here was not of the type contemplated by Trial Rule 60(B)(8) that authorizes relief "where under all the circumstances a need is clearly demonstrated." *See* WILLIAM F. HARVEY, 4 INDIANA PRACTICE RULES OF PROCEDURE ANNOTATED § 60.12 (3rd ed.2003). I therefore vote to affirm the judgment regarding the paternity and custody determinations, but would remand the cause to the trial court so that it may conduct a hearing with respect to parenting time, child support and other financial obligations that should be borne by the parties as the circumstances here might warrant.