**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 20 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MATTER OF THE ADOPTION OF A.S.P., | ) |
| | ) |
| R.S.P., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )      No. 82A04-1205-AD-227 |
| | ) |
| J.C.S., | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Richard G. D'Amour, Judge
The Honorable Renee A. Ferguson, Magistrate
Cause No. 82D07-1202-AD-18

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

R.S.P. ("Grandfather") appeals the trial court's denial of his motion to intervene in a proceeding involving the adoption of his grandson, A.S.P. We affirm.

## Issue

Grandfather raises one issue, which we restate as whether the trial court properly denied his motion to intervene.

## Facts

A.S.P. was born on January 9, 2001. At the time of A.S.P.'s birth, A.S.P.'s biological mother, C.D.J., ("Mother") and biological father, J.C.S., ("Father") were married. Mother and Father eventually divorced. Father became involved with J.A.S. ("Stepmother"), and they began living together in 2003. Father and Stepmother had three children together and married in 2009.

At some point, Father's father, Grandfather, filed a petition to establish grandparent visitation with A.S.P. and his three half-siblings.[1] In December 2011, Mother and Stepmother moved to dismiss Grandfather's petition for grandparent visitation and, at some point, sought summary judgment on the matter.

On February 1, 2012, apparently while the grandparent visitation petition was pending, Stepmother petitioned to adopt A.S.P. Stepmother's adoption petition was supported by Mother's and Father's written consents to the adoption.

---

[1] The appendix only includes certain pleadings from the grandparent visitation action and does not include a chronological case summary ("CCS") from that action. Our recitation of the facts is based on the limited information in the appendix.

2

On February 24, 2012, Grandfather moved to intervene in the adoption. Referencing his petition for grandparent visitation, Grandfather declared that he was a party of interest in the adoption. On February 29, 2012, the trial court denied Grandfather's motion to intervene. On March 29, 2012, Grandfather filed a motion to correct error, which was supported by various pleadings and a deposition from the grandparent visitation action. On April 4, 2012, a hearing was held on the adoption petition. At the conclusion of the hearing, the trial court granted the adoption petition and denied Grandfather's motion to correct error. Grandfather now appeals.

**Analysis**

As an initial matter, Father and Stepmother have not filed an appellee's brief. Under these circumstances, we will not undertake the burden of developing arguments for them and apply a less stringent standard of review. See In re Adoption of N.W.R., 971 N.E.2d 110, 112-13 (Ind. Ct. App. 2012). We may reverse the trial court if Grandfather establishes prima facie error, which is defined as at first sight, on first appearance, or on the face of it. See id. at 113.

On appeal, Grandfather argues that the trial court abused its discretion by denying his motion to intervene.[2] "The grant or denial of a petition to intervene is within the discretion of the trial court." Herdrich Petroleum Corp. v. Radford, 773 N.E.2d 319, 324 (Ind. Ct. App. 2002), trans. denied. We review a trial court's decision for an abuse of

---

[2] Grandfather does not specify whether he is seeking permissive intervention or intervention as of right as set forth in Indiana Trial Rule 24. In any event, he has not established that the denial of motion to intervene was an abuse of discretion.

3

discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable and probable inferences to be drawn therefrom. Id.

Grandfather asserts it is undisputed that he had standing to seek grandparent visitation based on Indiana Code Section 31-17-5-1(a)(3) because A.S.P. was born out of wedlock.[3] Indiana Code Section 31-17-5-1 provides:

> (a) A child's grandparent may seek visitation rights if:
>
>> (1) the child's parent is deceased;
>>
>> (2) the marriage of the child's parents has been dissolved in Indiana; or
>>
>> (3) subject to subsection (b), the child was born out of wedlock.
>
> (b) A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child.

According to Grandfather, Father and Stepmother had no defense to his attempt to establish visitation and sought adoption to thwart his visitation by creating an intact family. Grandfather contends that he "was a party in interest with regard to the adoption of A.S.P. by the fact that he was asserting his statutory right to visitation with A.S.P." Appellant's Br. p. 6.

---

[3] In his brief, Grandfather asserts, "[t]here is no factual dispute that A.S.P. was born out of wedlock . . . ." Appellant's Br. p. 4. Contrary to this assertion, at the adoption hearing, Father testified that he was married to Mother at the time of A.S.P.'s birth. See Tr. pp. 6-7. This is consistent with the deposition testimony given by Father, which Grandfather included in his motion to correct error, that Mother and Father got married before A.S.P. was born and that they were divorced in 2003. See App. pp. 62-65.

4

Even assuming Grandfather is statutorily authorized to seek grandparent visitation, he cites no authority suggesting that a person seeking grandparent visitation may intervene in an adoption proceeding. To the contrary, in Krieg v. Glassburn, 419 N.E.2d 1015 (Ind. Ct. App. 1981), superseded by statute on other grounds, maternal grandparents petitioned to join in an adoption proceeding filed by their grandchildren's stepmother with the consent of the children's father. The Kriegs argued that they should be permitted to intervene because of the adverse effect the adoption proceeding would have on their visitation rights. After examining the statute setting forth who must consent to an adoption, now codified as Indiana Code Section 31-19-9-1, the Krieg court concluded:

> The consent of noncustodial grandparents, even those with visitation rights, is clearly not statutorily required prior to the adoption of a grandchild. Further, it is not within our province to interpose such a requirement. If greater rights are to be accorded noncustodial relatives it is for the legislature, not this court, to do so. . . . The Kriegs cannot, therefore, "intervene" into this phase of the proceeding.

Krieg, 419 N.E.2d at 1020. The court also held, "'[i]ntervention' in this action, however, even if the Kriegs are granted visitation rights, is precluded by the statutory framework of adoption proceedings." Id. at 1019; see also In re Adoption of Z.D., 878 N.E.2d 495, 498 (Ind. Ct. App. 2007) (observing that it "is also well-settled" that noncustodial grandparents are not entitled to intervene in adoption proceedings); In re Adoption of I.K.E.W., 724 N.E.2d 245, 249 (Ind. Ct. App. 2000) ("As a threshold consideration, noncustodial grandparents are not entitled to intervene in adoption proceedings.").

Grandfather does not acknowledge, let alone distinguish Krieg, nor does he direct us to any statute requiring noncustodial grandparents to consent to an adoption or

5

according them right to object to an adoption. In fact, Indiana Code Section 31-19-10-1(a) provides in part that "only a person entitled to notice of adoption under I.C. 31-19-4 or I.C. 31-19-4.5 may contest an adoption." Grandfather makes no argument that he was statutorily entitled to notice of adoption under those chapters. Thus, the mere fact that Grandfather had previously filed a petition to establish grandparent visitation without more is insufficient to show that the trial court abused its discretion in denying his motion to intervene.

## Conclusion

Grandfather has not established prima facie error regarding the trial court's denial of his motion to intervene in the adoption proceeding. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.