**David BROSS, Appellant (Defendant Below),**

v.

**MOBILE HOME ESTATES, INC. (Third Party Defendant Below),**

**Citicorp Homeowners, Inc. (Plaintiff Below), Appellees.**

No. 3–483A122.

Court of Appeals of Indiana, Third District.

July 30, 1984.

David L. Zoss, Valparaiso, for appellant.

G. Anthony Bertig, Law Offices of James V. Tsoutsouris, Valparaiso, for appellees.

STATON, Presiding Judge.

Bross filed a complaint in a suit against the manufacturer of his defective mobile home. When Mobile Home Estates, Inc., the manufacturer, failed to answer his complaint, Bross moved for and obtained a default judgment. Later, Mobile Home Estates, Inc. filed a motion setting forth circumstances which it contends justifies relief from the judgment under Ind.Rules of Procedure, Trial Rule 60(B). The trial court granted the motion. Bross's appeal presents this issue:

> Did the trial court abuse its discretion when it granted relief from the default judgment without receiving some admissible evidence which would show that Mobile Home Estates, Inc. had a meritorious, valid defense to the claims set forth in Bross's complaint?

We conclude that the trial court did abuse its discretion and reverse.

Mobile Home Estates, Inc. filed affidavits explaining its failure to answer Bross's complaint. Its president was away on business when the complaint was received in the mail. Its office workers did not recognize the importance of the papers received in the mail and took no action regarding them. The day after an answer was due, the president returned to the office and discovered the complaint which he mailed to his counsel in Ohio. His counsel was unable to take immediate action since he was delayed by other litigation and by a search for local counsel in Indiana. Later, nineteen days after an answer was due to Bross's complaint, counsel obtained local counsel and filed a motion for relief from the default judgment.

In an unverified memorandum, several defenses to Bross's complaint were set forth in very vague and general terms. *Roy v. Scales* (1922), 77 Ind.App. 619, 133 N.E. 924. There was no attempt by Mobile Home Estates, Inc. to file an affidavit setting forth facts which would constitute a prima facie defense. *Cantwell v. Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275.

Ind.Rules of Procedure, Trial Rule 60(D) provides:

"(D) Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule."

Some of the relief that may be appropriate under Rule 59(J) is:

"(3) Alter, amend, modify or correct judgment;

(4) Amend or correct the findings or judgment as provided in Rule 52(B);

(5) In the case of excessive or inadequate damages, grant a new trial, or grant a new trial subject to additur or remittitur;

"(6) Grant any other appropriate relief, or make relief subject to condition;"

Rule 52(B) referred to above provides in part:

"(B) Amendment of findings and judgment—Causes therefor. Upon its own motion at any time before a motion to correct errors (Rule 59) is required to be made, or with or as part of a motion to correct errors by any party, the court, in the case of a claim tried without a jury or with an advisory jury, may open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof if

(1) the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence;"

■ A multiplicity of relief is available to a movant who has suffered a default judgment. The catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery. Trial Rules 60, 59, and 52 provide for relief from a judgment based upon the showing of needed relief by presenting admissible evidence to the trial court. There need not be a showing of absolute entitlement to the relief sought in the instances of a defense or necessary party, for example, but enough evidence must be presented to reasonably satisfy the trial court that there is sufficient merit in the motion for relief to justify altering or setting the judgment aside upon hearing additional evidence. *Cantwell v. Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275, *appeal dismissed* 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712; *Plough v. Farmers State Bank* (1982), Ind.App., 437 N.E.2d 471.

■ A mere allegation that except for excusable neglect the action would have been defended is not sufficient to set aside a default judgment. If the result reached by the judgment would have been the same, the time and judicial resources of the trial court would be wasted in performing a useless ritual. Neither justice or society is served by performing meaningless rituals which prevent other litigants from having their day in court. *Cantwell v. Cantwell, supra.*

■ Mobile Home Estates, Inc. did not file an affidavit containing any admissible evidence which would show a possible meritorious defense to the default judgment. *Kreczmer v. Allied Const. Co.* (1972), 152 Ind.App. 665, 284 N.E.2d 869. Its affidavits were limited to excusable neglect in not coming forth to defend the action. This is not enough to justify setting aside a default judgment which may after several days or weeks of trial remain unchanged. Some admissible evidence must be presented to the trial court which would indicate that the judgment would not remain unchanged and that an injustice would be foisted upon the defaulted party if the judgment is allowed to stand.

When the trial court granted the motion of Mobile Home Estates, Inc. without any admissible evidence being presented to show a meritorious defense to Bross's default judgment, it abused its discretion.

We reverse.

HOFFMAN and GARRARD, JJ., concur.