Ray **CHELOVICH**, Individually and d/b/a Ray Chelovich Insurance Agency, Appellant (Third–Party Defendant Below),

v.

**RUFF & SILVIAN AGENCY** n/k/a Silvian Agency, Appellee (Third–Party Plaintiff Below).

No. 64A04–8908–CV–370.

Court of Appeals of Indiana, Fourth District.

March 27, 1990.

---

**891**

Philip E. Kalamaros, Edward N. Kalamaros & Associates, South Bend, for appellant.

Robert D. Rucker, W. Henry Walker & Associates, East Chicago, for appellee.

CONOVER, Judge.

Third Party Defendant–Appellant Ray Chelovich, individually and d/b/a Ray Chelovich Insurance Agency (Chelovich) appeals the Porter Superior Court's order setting aside a dismissal it previously entered against Third Party Plaintiff–Appellee Ruff & Silvian Agency n/k/a Silvian Agency (Silvian).

We reverse.

Chelovich presents the following restated issue for our review:

whether the trial court abused its discretion in granting Silvian's Ind.Trial Rule 60(B)(8) motion for relief from judgment

a. when Silvian established no exceptional circumstances justifying relief, and

b. when Silvian failed to present evidence of a meritorious defense.

Silvian was a named defendant in a complaint alleging breach of contract, negligence and punitive conduct for failure to procure a worker's compensation policy. Silvian filed a third party complaint alleging Chelovich orally contracted to procure the policy but failed to do so.

Chelovich then propounded interrogatories, motions to produce and requests for admission. Silvian responded only to the request for admissions. Thereafter, Chelovich moved the court to compel discovery. The trial court gave Silvian repeated opportunities to comply with discovery and finally entered the following order:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the third party plaintiff must answer third party defendant's Interrogatories and Motion to Produce within ten (10) days from the date of this Order, and in the event of failure to answer said Interrogatories and Motion to Produce within the time herein specified, sanctions will be considered for imposition, including, but not limited to, the dismissal of plaintiff's claim with prejudice. Third party defendant is also awarded $500.00 in expenses

for this Motion pursuant to Trial Rule 37(A)(4).

(R. 129–130).

Silvian then tendered unsigned answers to the first set of interrogatories and a response to the motion to produce within the ten day period. An affidavit of signature was tendered two months later. Silvian failed to respond to the second set of interrogatories.

Nearly three months after the court's discovery order, Chelovich moved the court to implement the order since Silvian still failed to comply. The court then dismissed Silvian's third party complaint. Thereafter, Silvian filed its T.R. 60(B)(8) motion for relief from order alleging substantial compliance with discovery requests. The trial judge granted Silvian's motion. Chelovich appeals.

Additional facts as necessary appear below.

■ Chelovich contends the trial court abused its discretion when it granted Silvian's motion for relief from judgment pursuant to T.R. 60(B)(8). Chelovich maintains Silvian demonstrated no exceptional circumstances as required, nor did Silvian present any evidence of a meritorious defense. Thus, the trial court abused its discretion. We agree.

■ Our scope of review for the granting or denying of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* Further, a trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Id.*

■ Under T.R. 60(B)(8), the party seeking relief from judgment must show its failure to act was not merely due to an omission involving mistake, surprise or excusable neglect. *Id.* Rather, some extraordinary circumstance must be affirma-

tively demonstrated to come within the purview of T.R. 60(B)(8). *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800, 803. The burden is on the movant to establish the existence of grounds for T.R. 60(B) relief and he must additionally establish a meritorious defense to the judgment. *Id.,* at 802.

■ A meritorious defense is one showing if the case was retried on the merits a different result would be reached. *Vanjani v. Federal Land Bank of Louisville* (1983), Ind.App., 451 N.E.2d 667, 672. Indiana requires a party seeking to set aside a judgment to make a prima facie showing of a good and meritorious defense. *Id.,* at 671. The catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery. *Bross v. Mobile Home Estates, Inc.* (1984), Ind.App., 466 N.E.2d 467, 469. Some admissible evidence must be presented to the trial court which would indicate the judgment would not remain unchanged and an injustice would be foisted upon the defaulted party if the judgment is allowed to stand. *Id.* A mere allegation except for the excusable neglect the action would have been defended is insufficient to set aside a judgment. *Id.*

Here, Silvian repeatedly failed to comply with discovery requests. The court made repeated allowances until it finally issued an order mandating Silvian to comply with discovery within 10 days or face possible dismissal. Silvian then tendered unsigned answers to the first set of interrogatories and a response to the motion to produce, but failed to respond to the second set of interrogatories. Over two months after the court-ordered deadline for compliance, Chelovich moved the court to implement its previous order. Silvian's only activity in compliance with the discovery order was submission of an affidavit of signature regarding the first set of interrogatories. Silvian failed to demonstrate how failure to comply with discovery and violation of a court order are exceptional circumstances justifying T.R. 60(B)(8) relief.

Further, Silvian did not present any admissible evidence of a meritorious defense against Chelovich. Silvian's motion was unverified and had not been offered into evidence. (R. 182–184). Further, the motion merely asserted a meritorious claim existed. Additionally, Silvian's attachments were submitted as evidence of substantial compliance with the court's discovery order, not as evidence of a meritorious claim. (R. 184). Silvian did not meet its burden of showing a meritorious defense.

Reversed.

MILLER and GARRARD, JJ., concur.