Robert **GREENGARD,** Appellant
(Defendant Below),

v.

**INDIANA LAWRENCE BANK,** Appellee
(Plaintiff Below).

No. 02A03–8912–CV–522.

Court of Appeals of Indiana,
Third District.

July 26, 1990.

Earl Raskosky, Fort Wayne, for appellant.

Daniel E. Serban and Timothy L. Claxton, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellee.

STATON, Judge.

Robert Greengard, defendant below, appeals a judgment in favor of plaintiff, Indiana Lawrence Bank. His appeal presents us with the sole issue of whether the trial court correctly set aside an order dismissing the case for failure to prosecute under Indiana Rules of Procedure, Trial Rule 41(E).

We affirm.

On June 24, 1986, Indiana Lawrence Bank (Indiana) filed suit against Robert Greengard (Greengard) and other defendants for default on two promissory notes. Greengard answered the complaint, admitting that the documents bore his signature, but generally denying all other allegations and raising the defense of waiver. No other defendants were served.

On September 26, 1988, the trial court ordered a hearing pursuant to T.R. 41(E) to show cause why the case should not be dismissed for failure to prosecute. Indiana failed to appear at the hearing which was set for October 24, 1988, and the case was dismissed with costs assessed to Indiana.

On April 11, 1989, Indiana filed a "Motion for Relief from Order", wherein it alleged it had not objected to the dismissal because the defendants were current on their payments on the notes. However, it alleged that subsequent to the dismissal, Greengard again became delinquent on the note. Indiana therefore asked that the previous order dismissing the action be set aside. On May 9, 1989, a hearing was set on the motion, and the court reinstated the action pursuant to T.R. 41(F).

On May 31, Indiana moved for summary judgment. A hearing was held on July 27, 1989, and judgment was entered against Greengard in the amount of $44,601.37.

Greengard argues on appeal that the order of dismissal, since it did not state otherwise, was a dismissal with prejudice. Thus, Indiana was required to proceed under T.R. 60(B). Greengard contends that since the bank neither alleged nor established any grounds sufficient for relief under 60(B), its motion for relief should have been denied.

Indiana concedes that the 41(E) dismissal was with prejudice, but contends that it stated sufficient grounds under T.R. 60(B)(8) to allow the trial court to set aside the dismissal.

■ The parties are correct in noting that in failing to provide otherwise, the dismissal for failure to prosecute was a dismissal with prejudice. *Davidson v. American Laundry Machinery, Etc.* (1982), Ind.App., 431 N.E.2d 546, 549; *Patton Electric Co., Inc. v. Gilbert* (1984), Ind.App., 459 N.E.2d 1192, 1194. The procedure for setting aside such a dismissal is described in T.R. 41(F).

T.R. 41(F) provides:

(F) Reinstatement of Dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

Professor Harvey accurately observes that the second sentence of Rule 41(F) is not an investment of power in itself but is merely a "helpful redundancy" which explains to the trial court that it is to proceed under the provisions of T.R. 60(B) when seeking to set aside a dismissal with prejudice for failure to prosecute. 3 W. Harvey, Indiana Practice § 41.17 (1988). Thus, when the court stated that it was setting aside the dismissal "pursuant to T.R. 41(F)" it was actually exercising the power to set aside a dismissal vested in it by virtue of T.R. 60(B).

■ A Trial Rule 60 attack on a final judgment does not affect the substantive, legal merits of the judgment, but only addresses the procedural, equitable grounds justifying relief from the legal finality of the judgment. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. An equitable attack on a final judgment occurs subject to the discretion of the trial court and the terms prescribed under T.R. 60. *Id.* In exercising its discretion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of both the prevailing party and society generally in the finality of litigation. *Id.*

■ We will reverse the grant of a T.R. 60(B) motion only upon a clear showing of abuse of discretion. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. An abuse of discretion occurs when the granting of the motion by the trial court was clearly against the logic and effect of the facts and circumstances before the court, or the reasonable inferences to be drawn therefrom. *Security Bank & Trust v. Citizens National Bank* (1989), Ind.App., 533 N.E.2d 1245, 1247.

■ Greengard argues that Indiana's failure to identify the specific subparagraph of T.R. 60(B) under which it sought relief was fatal to its motion to set aside the dismissal. We disagree. In construing the substantially similar Federal Rule of Civil Procedure 60(b), at least one court has noted that the many grounds for relief under the rule are broadly phrased and overlapping, and exact categorization of the ground should be avoided except where the category is obvious or where exact choice is necessary to the decision. *Compton v. Alton Steamship Co.* (4th Cir.1979), 608 F.2d 96, 102. The same is true for the Indiana Rule. A litigant's failure to specify the exact paragraph under which he seeks relief will not defeat his request for relief from judgment or dismissal if he can make an adequate showing that there are sufficient grounds to support his motion.

Here, we agree with Indiana that the most appropriate basis for relief is found in T.R. 60(B)'s "catchall provision." T.R. 60(B)(8) provides:

(B) Mistake—Excusable Neglect—Newly Discovered Evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: ...

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

■ Under T.R. 60(B)(8), a party seeking relief from judgment must affirmatively demonstrate that its failure to act was not merely due to an omission involving mistake, surprise, or excusable neglect, but was the result of some exceptional circum-

stances justifying extraordinary relief. *Chelovich, supra,* at 892; *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800, 803. The circumstances must be other than those enumerated in the preceding subsections of the rule. *Blichert, supra,* at 1167. The movant must also establish a meritorious claim or defense to the judgment. *Chelovich, supra,* at 892.

 In their "Motion For Relief From Order," Indiana alleged that they did not oppose the dismissal for failure to prosecute because Greengard had brought himself current on the promissory notes which were the subject of the litigation. Indiana also alleged that subsequent to the dismissal, Greengard again became delinquent on the notes, necessitating that the dismissal be set aside. Greengard does not dispute these allegations, but insists that they are insufficient to support the trial court's grant of relief.

Initially, we point out that the proper remedy would have been for Indiana to obtain a voluntary dismissal pursuant to T.R. 41(A) once it determined that Greengard had brought himself current on the notes. Such a dismissal may be obtained by stipulation without order of court after an answer or motion for summary judgment has been filed. A voluntary dismissal, if it is the first dismissal procured by a party with respect to that cause of action, is deemed to be without prejudice. Thus, had that procedure been followed, this appeal would have been unnecessary.

We cannot find, however, that the failure to follow this procedure was fatal to Indiana's case. In alleging that Greengard had again become delinquent on the notes, Indiana had alleged a meritorious claim and exceptional circumstances which justified relief under T.R. 60(B)(8). Accordingly, we hold that the trial court did not abuse its discretion in granting Indiana's motion to set aside the order of dismissal.

 Greengard argues in his reply brief that the dismissal of the action with prejudice cancelled the promissory notes, thereby terminating any obligation to make payments. Therefore, Greengard contends

there was no default on the notes and no grounds for relief from dismissal.

Greengard cites no authority for this argument and we find it to be without merit. Greengard fails to recognize that the dismissal served only to adjudicate the previous default on the notes, and did not work to discharge his obligation on the promissory notes. Therefore, his subsequent failure to make payments on the notes constituted a default and grounds for relief from the dismissal.

Affirmed.

CONOVER, J., concurs.

GARRARD, J., concurs in result without opinion.