Joseph I. FLORES, Appellant–Petitioner,

v.

Janet Lynn FLORES, Appellee–Respondent.

No. 45A03–9408–CV–294.

Court of Appeals of Indiana.

Nov. 27, 1995.

James E. Daugherty, Robert M. Mirkov, Law Offices of James E. Daugherty, Merrillville, for Appellant.

Jason L. Horn, Jason L. Horn, P.C., Munster, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Joseph I. Flores (Joseph) appeals from the trial court's grant of Janet Lynn Flores' (Janet) motion for relief from a child support order and grant of a new hearing to determine this issue following their dissolution of marriage. The facts relevant to appeal are summarized below.

Joseph and Janet were married in 1976. In 1991, Janet filed for divorce. The trial court awarded Joseph custody of the parties' two children. Subsequently, the parties agreed to resolve the only remaining contested issue, child support, through a modified hearing. Specifically, both agreed: to forego formal presentation of evidence and instead to have their interests presented by their attorneys in an *in camera* hearing; to waive their right to a contemporaneous stenographic record of the hearing; and to be bound by the trial court's findings. The trial court entered its child support order in May 1994. Shortly thereafter, Trial Judge Morton B. Kanz passed away.

In September 1994, pursuant to Ind.Trial Rule 60(B)(8), Janet filed a motion for relief from the child support order. In her motion, she claimed that due to the death of Judge Kanz she was unable to comply with Ind.Appellate Rule 7.2(A)(3)(c) (reconstruction of record for appeal where transcript unavailable or where no record made) and as a result, is effectively foreclosed from pursuing an appeal. Successor Trial Judge, William E. Davis granted Janet's motion, and a new hearing was scheduled on this limited issue. Joseph appeals.

On appeal, Joseph raises one restated issue: whether the trial court erred in granting Janet's motion for relief from the child support order and in rescheduling a new hearing to determine the issue.

Ind.Trial Rule 63 provides,

**"(A) Disability and Unavailability After the Trial or Hearing.** The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the con-

duct of the trial or hearing after the trial or hearing is concluded. *If the judge before whom the trial or hearing was held is not available by reason of death,* sickness, absence or unwillingness to act, *then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court* after the verdict is returned or the findings or decision of the court is filed; *but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part.* The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time."

T.R. 63(A) (Emphasis added.). Providing that relief may be granted where the successor trial judge is "satisfied that he cannot perform [the] duties" of the former trial judge, this rule expressly grants wide discretion to a successor judge in granting a new hearing or trial.

Ind.Appellate Rule 7.2(A)(3)(c) allows parties to reconstruct a record for appeal where no record of the evidence or proceedings was made or the transcript is unavailable. Relying on any available means, including personal recollection, a party may prepare a statement reflecting the evidence adduced during the proceedings. If disagreements arise, any statements, objections, or amendments to the record must be "submitted to the trial court for settlement and approval." *Id.*

Here, Janet attempted to reconstruct the record for an appeal. However, the parties could not agree on the evidence to be included within it. Due to his death, Judge Kanz was unavailable to settle the matter. As Judge Davis was not present at the May 1994 hearing, it was impossible for him as successor judge to perform the duties of Judge Kanz under App.R. 7.2(A)(3)(c).

The Indiana Constitution grants an absolute right to one appeal. *See* Constitution of Indiana, Art. VII, Sec. 6. Although Joseph makes various arguments regarding the concepts of waiver and equity, there is nothing in the record to indicate Janet expressly waived her right to appeal. To the contrary, her counsel specifically stated the agreement as to the format of the hearing was procedural only and did not amount to any waiver of her appellate rights.

Inasmuch as absence of a record would effectively foreclose her right to appeal the child support award, *see Campbell v. Criterion Group* (1992), Ind., 605 N.E.2d 150, 160 (although not fatal to appeal per se, failure to include transcript amounts to waiver of specifications of error on which evidence depends); *Hughes v. Hughes* (1976), Ind.App., 356 N.E.2d 225, 228, *trans. denied* (where no transcript or statement of evidence adduced in proceedings exists, and appeal depends on such evidence, no appeal is available, and judgment must be affirmed), and for the above-stated reasons, the trial court acted well within its discretion under T.R. 63(A) in granting Janet a new hearing to relitigate this issue. There being no error, the decision of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

The majority's affirmance of the granting of T.R. 60 relief to Janet Flores is premised upon the conclusion that to do otherwise would be to deny Janet her right to appeal the May 2, 1994 order of the trial court. The question is not whether Janet, by the unavailability of a record, was being denied the right to an appeal. The reality is merely that she has no basis in law to overturn that order.

The decision reached today ignores the agreement of the parties to be bound by the judgment which would result from the "hearing" procedure agreed to. Absent fraud or some clear defect upon the face of the May 2, 1994 order, Janet should not be permitted to obtain a belated opportunity to submit evidence.

Appellant is correct in categorizing the relief granted as giving Janet "a second chance to persuade a different judge with different evidence according to a different

procedure." Appellant's Brief at 11. Mrs. Flores, herself, suggested the abbreviated or off-the-record procedure used. The parties submitted a written stipulation of pertinent facts to the court and waived formal presentation of evidence. They also waived the right to be present at the time counsel for both sides presented argument and interlaced their respective arguments with presentations of factual matters.

Mrs. Flores should not be permitted to await the judgment which she invited and, deeming it to be unfavorable, seek to begin all over again. *Scheetz v. Scheetz* (1988) Ind.App., 522 N.E.2d 919, *op. on reh'g*; *Showley v. Showley* (1983) Ind.App., 454 N.E.2d 1230.

I would reverse the granting of T.R. 60 relief and remand with instructions to reinstate the order of May 2, 1994.