David J. THEISING, Receiver of IQuest Internet, Inc., Appellant (Plaintiff below),

v.

ISP.COM, LLC; and ISP.net, LLC and IQuest Internet LLC, Appellees (Defendants below).

No. 49S05–0311–CV–00577.

Supreme Court of Indiana.

March 4, 2004.

John C. Hoard, R. Brock Jordan, David J. Theising, Indianapolis, IN, Attorneys for Appellant.

Jeffrey R. Gaither, Brian H. Babb, T. Joseph Wendt, Indianapolis, IN, Attorneys for Appellees.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A05–0301–CV–0035.

BOEHM, Justice.

This is an appeal from an order of the Marion Superior Court described in our opinion dated today in *ISP.com, LLC v. Theising,* 805 N.E.2d 767, 2004 WL 396370 (Ind.2004) ("the Hamilton County case"). In this case the Marion Superior Court

ordered the parties to arbitrate their dispute, but the Court of Appeals, in an unpublished decision, reversed. We now grant transfer and affirm the trial court

### Facts and Procedural History

The background of this dispute is set forth in our opinion in the Hamilton County case. The essential facts relevant to this appeal are simply stated. The plaintiff, David Theising, is the receiver of IQuest Internet, Inc., an Indiana corporation. Incident to the sale of IQuest's assets to some of the defendants in this case ("ISP"), ISP issued a promissory note in the principal amount of $10 million to Robert Hoquim, the majority shareholder of IQuest. Hoquim and ISP also entered into a Loan and Security Agreement. After these transactions, Hoquim died intestate and IQuest was placed in receivership. Hoquim's Estate initiated this lawsuit by suing ISP and its guarantors on the note. Theising then succeeded in obtaining an order of the probate court directing that the note be transferred to him, as IQuest's receiver, and was substituted as plaintiff in this case. Theising now appeals the order of the Marion Superior Court directing that his claim under the note and Loan and Security Agreement be referred to arbitration pursuant to the arbitration provisions in the agreement for the sale of IQuest to ISP.

This case has a long and tortured history that is, for our purposes, irrelevant. In brief, ISP first moved to order this case to arbitration when the plaintiff was Hoquim's Estate. There is a disagreement between counsel for Hoquim's Estate and counsel for ISP as to understandings that were or were not reached as to extensions of time to respond to the motion while the Estate and the receiver debated entitlement to the note in Hamilton Superior Court. Ultimately, the Hamilton Superior Court ordered the note transferred to the receiver. In the meantime, however, and allegedly without notice to counsel for the Estate, the Marion Superior Court granted ISP's motion to compel arbitration. After the receiver was substituted as plaintiff, he unsuccessfully filed a motion to correct errors. In the ensuing appeal, the Court of Appeals, in an unpublished decision, remanded for specific findings and conclusions, but apparently did not rule on the merits of the appeal. After the Marion Superior Court entered specific findings and conclusions, it again ordered the dispute to arbitration. This appeal then followed, and the Court of Appeals reversed. By the time the second appeal in this case reached the Court of Appeals, another panel of the Court of Appeals had already affirmed an order in the Hamilton County case denying ISP's motion to compel arbitration of claims asserted against it by the receiver. Although the Hamilton County case was filed after the Estate initiated this case, the Hamilton County case had lapped this case in the course of the described skirmishing, and was precedent by the time the Court of Appeals reached the merits of this appeal.

Our opinion in the Hamilton County case handed down today explains why the receiver's claims against ISP in that case are required to be arbitrated. We concluded that the provisions in the note and Loan and Security agreement do not override the undertaking to arbitrate disputes "relating to" the Asset Purchase Agreement that contains the arbitration clause. The circumstances of the issuance of the note and any right to set off based on breach of the Asset Purchase Agreement certainly "relate to" the Asset Purchase Agreement. Hoquim in his individual capacity is a party to that agreement as well as to the note and Loan and Security Agreement. In the Hamilton County case,

780

we also held that the receiver, as such, has the rights and obligations of IQuest, but is not authorized to assert claims of creditors or third parties. Similar, but somewhat different considerations apply here. The result, however, is the same: the receiver's claims are required to be submitted to arbitration.

■ The receiver here claims as the holder of a note that was issued to Hoquim and then assigned to the receiver by order of the Hamilton probate court. The Court of Appeals in the Hamilton County case concluded that the receiver was not bound by the arbitration clause because the receiver represented the interests of creditors of IQuest in addition to succeeding to the rights of IQuest itself. For the reasons given in our opinion in the Hamilton County case, we do not agree. Here however, the rationale is somewhat different. The rights Theising asserts are as holder of the note issued by ISP to Hoquim, not as a claim for participating in a fraud on creditors. As receiver, Theising is bound by the undertakings of IQuest. But as assignee of a note, he is bound by undertakings of Hoquim as his assignor, and his status as a receiver is irrelevant, except to the extent that IQuest itself could avoid the arbitration provision if it sued as Hoquim's assignee.

■ The arbitration clause in question is the culmination of a dispute resolution mechanism prescribed by the Asset Purchase Agreement. The amounts due under the note are ultimately resolved by the degree to which ISP is entitled to set off "Indemnity Obligations" of IQuest and Hoquim against the amounts due under the note. Hoquim's rights under the note, and therefore the receiver's rights under the note, are dependent on resolution of those disputes. Hoquim and IQuest agreed to arbitrate those disputes, and that under-

taking is binding on Theising as their successor in interest.

This is an appeal of the trial court's refusal to set aside the original judgment ordering this dispute to be arbitrated. Theising's motion under Trial Rule 60(B) requires a showing that he has a "meritorious defense" and that the failure to respond to the motion to compel arbitration was due to excusable neglect. *Chelovich v. Ruff & Silvian Agency,* 551 N.E.2d 890, 892 (Ind.Ct.App.1990). Because Theising is bound by the arbitration clause, we find no meritorious defense to the judgment of the trial court ordering this matter to be arbitrated. We therefore need not address the extensively debated issue whether the Estate's failure to respond timely to ISP's motion was the product of excusable neglect.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.