**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 15 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD B. GONON**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JAMES M. BOYERS**
**LEAH B. SILVERTHORN**
Wooden & McLaughlin LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAMELA J. PODEMSKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1207-MF-325 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-0809-MF-289

**January 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Podemski and her late husbanded executed a mortgage note and mortgage on certain real estate owned by the couple on August 25, 2006. Podemski subsequently failed to make the scheduled monthly payments and is in default. On September 19, 2008, the legal holder of Podemski's mortgage note, U.S. Bank, initiated foreclosure proceedings. Podemski failed to appear at or defend the foreclosure proceedings, and, on January 1, 2009, the trial court entered default judgment against Podemski. The trial court also issued a foreclosure decree. Podemski filed a motion to set aside the default judgment and the foreclosure decree on February 28, 2012, claiming she had not been given notice of the foreclosure proceedings. Following a hearing, the trial court denied Podemski's motion. Concluding that the trial court acted within it is discretion in denying Podemski's motion to set aside the default judgment and the foreclosure decree, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 25, 2006, Podemski and her late husband, for value received, executed and delivered a mortgage note ("note") by which they promised to pay EquiFirst Corporation the sum of $113,250 in monthly installment payments of principal plus interest in the sum of $846.84 per month at an annual rate of 8.2 percent. At the same time, Podemski and her late husband executed a mortgage on certain real estate owned by them and any improvements located thereon in order to secure the payment of the note. On September 15, 2008, EquiFirst Corporation assigned the note to U.S. Bank National Association as Trustee ("U.S. Bank").

Podemski has failed to make the scheduled monthly payments pursuant to the terms of the note and is in default.[1]

On September 19, 2008, U.S. Bank initiated foreclosure proceedings. U.S. Bank completed service on Podemski on September 29, 2008. On January 1, 2009, U.S. Bank filed a motion seeking a default judgment entry and decree of foreclosure after Podemski failed to appear or defend the matter. On that same day, the trial court granted U.S. Banks's motion and entered a default judgment and decree of foreclosure (the "foreclosure decree"). Podemski did not appeal the foreclosure decree.

The trial court issued an order for sheriff's sale of the property on February 27, 2009. The order of sale was returned wholly unsatisfied on March 19, 2009. The trial court issued a second order for sheriff's sale of the property on June 22, 2009. The second order of sale was returned wholly unsatisfied on August 19, 2009. On November 9, 2011, U.S. Bank filed an amended affidavit of indebtedness which reflected an up-to-date balance of Podemski's delinquent account. U.S. Bank requested that the property once again be set for sheriff's sale. The trial court issued a third order for sheriff's sale of the property on December 20, 2011.

The trial court conducted an emergency hearing on February 28, 2012, at which Podemski filed a motion to set aside the default judgment and the foreclosure decree ("motion to set aside"). In this motion, Podemski alleged that the default judgment and the foreclosure decree should be set aside pursuant to Indiana Trial Rule 60(B)(1). The trial

---

[1] Podemski testified that she was unable to make the scheduled monthly payments because she experienced a decrease in income after "the RV industry kind of took a crap." Tr. p. 25.

court suspended the sheriff's sale pending further order of the court and ordered the parties to participate in a settlement conference. The settlement conference was unsuccessful. On June 1, 2012, the trial court conducted a hearing on Podemski's motion to set aside. On June 7, 2012, the trial court issued an order denying Podemski's motion. This appeal follows.

## DISCUSSION AND DECISION

Podemski contends that the trial court erred in denying her motion to set aside because she demonstrated that she was entitled to relief pursuant to Indiana Trial Rule 60(B)(1).

> Our scope of review for the granting or denying of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. *Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

*Chelovich v. Ruff & Silvian Agency*, 551 N.E.2d 890, 892 (Ind. Ct. App. 1990).

> The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind. 1983). Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. *Id.*

*Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999).

> Trial Rule 60(B) provides, in relevant part, as follows:
>
> **(B) Mistake–Excusable neglect–Newly discovered evidence–Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>> (1) mistake, surprise, or excusable neglect;
>> * * * *
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A

4

motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

"A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment." *Kmart Corp.*, 719 N.E.2d at 1254 (citing *Blichert*, 436 N.E.2d at 1167). "Moreover, a Trial Rule 60(B)(1) motion is addressed to the trial court's equitable discretion, with the burden on the movant to affirmatively demonstrate that relief is necessary and just." *Id*. (citing *Cazarus v. Blevins*, 159 Ind. App. 512, 514, 308 N.E.2d 412, 414 (1974)). In considering a Trial Rule 60(B) motion, a trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Chelovich*, 551 N.E.2d at 892.

Upon review, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Kmart Corp.*, 719 N.E.2d at 1253. Thus, in order to obtain relief, Podemski must prove that she filed her challenge to the foreclosure decree within the time limitations set forth in Trial Rule 60(B) *and* that she made a prima facie showing of a meritorious claim or defense. *See Baker & Daniels, LLP v. Coachmen Indus.*, 924 N.E.2d 130, 141 (Ind. Ct. App. 2010); *Smith v. Johnson*, 711 N.E.2d 1259, 1265 (Ind. 1999); *Chelovich*, 551 N.E.2d at 892.

A meritorious defense is one showing if the case was retried on the merits a different result would be reached. *Vanjani v. Federal Land Bank of Louisville*,

451 N.E.2d 667, 672 (Ind. Ct. App. 1983). Indiana requires a party seeking to set aside a judgment to make a prima facie showing of a good and meritorious defense. *Id*. at 671. The catalyst needed to obtain the proper relief is some admissible evidence which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery. *Bross v. Mobile Home Estates, Inc.*, 466 N.E.2d 467, 469 (Ind. Ct. App. 1984). Some admissible evidence must be presented to the trial court which would indicate the judgment would not remain unchanged and an injustice would be foisted upon the defaulted party if the judgment is allowed to stand. *Id*. A mere allegation except for the excusable neglect the action would have been defended is insufficient to set aside a judgment. *Id*.

*Chelovich*, 551 N.E.2d at 892.

Here, Podemski effectively concedes that she was in default of the note which was held by U.S. Bank. However, despite acknowledging that she was in default, Podemski argues that she was surprised to learn about the default judgment against her and the foreclosure decree. Podemski alleges that she did not receive notice of the initial proceedings. She also alleges that she entered into an oral modification agreement with the loan servicer and made numerous partial payments in accordance with the alleged oral modification agreement, indicating a good faith effort to remain in good standing on her loan obligation.

With regard to her argument that she did not receive the requisite notice, Podemski claims that she suffered problems with her residential postal service in 2008, although she acknowledged that she received mail from the loan servicer in 2008 and has continued to receive mail from the loan servicer. However, the trial court determined that proper notice of the foreclosure proceedings was sent to Podemski regardless of whether Podemski experienced problems with her residential postal service in 2008. The record demonstrates

that Podemski was not served with notice of the underlying foreclosure proceedings by mail but rather by service at her residence by the Elkhart County Sheriff's Department. The trial court specifically found that the service executed by the sheriff's department was proper and sufficient. As such, we conclude that the trial court was within its discretion in concluding that Podemski was not entitled to have the default judgment and foreclosure decree set aside pursuant to Trial Rule 60(B)(1) for surprise.

Podemski also claims that she presented a prima facie showing of a meritorious defense, i.e., that she entered into an oral modification agreement with loan servicer and that she, for a time, complied with the terms of the alleged oral agreement. Specifically, Podemski claims she was "promised" that if she made good faith payments to the loan servicer, she would be considered for a loan modification. Appellant's App. p. 25. Podemski claims that she made numerous good faith payments but acknowledged that she has not made any payments on her loan obligation since 2010. Podemski, however, has presented no admissible evidence, except for her own self-serving testimony, in support of her claims.

Again, in order to provide prima facie showing of a meritorious defense, a party must present some admissible evidence which would indicate the judgment would not remain unchanged and an injustice would be foisted upon the defaulted party if the judgment is allowed to stand. *Chelovich*, 551 N.E.2d at 892. In denying Podemski's motion to set aside, the trial court considered and ultimately rejected Podemski's claims which, again, were not supported by any evidence. Because Podemski has failed to present any admissible evidence

supporting her claimed meritorious defense, we conclude that the trial court acted within its discretion in determining that Podemski failed to make a prima facie showing of a meritorious claim or defense as required by Indiana Trial Rule 60(B).

Having concluded that Podemski was given acceptable notice of the initial foreclosure proceedings and has failed to provide a prima facie showing of a meritorious defense, we need not consider the timeliness of her challenge to the foreclosure decree.[2] *See Coachmen*, 924 N.E.2d at 141 (providing that a challenge pursuant to Indiana Trial Rule 60(B) must be timely *and* make a prima facie showing of a meritorious claim or defense).

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.

---

[2] To the extent that Podemski argues that default judgment in favor of U.S. Bank was improper because the loan servicer accepted benefits, i.e., payment, from Podemski after the default judgment was entered, the record demonstrates that while U.S. Bank appears to have given Podemski numerous opportunities to remain in her home, the payments in question were rejected and were not accepted by U.S. Bank or the loan servicer. Furthermore, to the extent that Podemski argues that default judgment in favor of U.S. Bank was not proper because there may have been an issue effecting the legality of the assignment of the mortgage note to U.S. Bank, the record demonstrates that the mortgage note was properly assigned to U.S. Bank and that U.S. Bank was the legal holder of the mortgage note at the time it initiated the instant foreclosure proceedings.