**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Jan 22 2014, 10:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**AMY KAROZOS**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**AARON J. SPOLARICH**
Deputy Attorneys General
Indianapolis, Indiana

**PATRICK M. RHODES**
Indiana DCS- Marion County
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF B.B. and B.B. (Minor Children), | ) ) ) ) | |
| A.S. (Mother), | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 49A02-1305-JT-431 |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Larry Bradley, Magistrate
Cause Nos. 49D09-1203-JT-9503
49D09-1203-JT-9504

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

<u>Case Summary and Issue</u>

A.S. ("Mother") appeals the trial court's denial of her motion for relief from judgment, following a termination of her parental rights. Mother raises several issues for our review, one of which we find dispositive: whether the trial court abused its discretion in denying Mother's motion. Concluding that the trial court did not abuse its discretion, we affirm.

<u>Facts and Procedural History</u>

Mother is the mother of B.B.1 and B.B.2 (the "Girls"), and M.B. (collectively, the "Children").[1] In February 2010, the Indiana Department of Child Services ("DCS") filed a petition alleging that each of the Children was a Child in Need of Services ("CHINS") following an incident in which Mother threatened, in front of the children, to commit suicide. The Children were not removed at that time, but were removed later that month when DCS

---

[1] J.B. is the father of all three children. He could not be located for the underlying proceedings, and his parental rights were ultimately terminated as to all three Children. He does not participate in this appeal.

alleged that Mother was suicidal and needed a mental health assessment. Mother has been diagnosed with depression, borderline personality disorder, and ADHD. Mother admitted the allegations of an amended CHINS petition, and the juvenile court adjudicated the Children to be CHINS and also issued a participation decree.

In 2011, the court modified the participation decree following an allegation by M.B. that Mother had molested him—an allegation that Mother denied but was substantiated by DCS. That same year, the permanency plan for M.B. was changed to adoption and Mother executed adoption consents for M.B.; the permanency plan for the Girls remained reunification at that point.

In March 2012, DCS filed a petition to terminate the parent-child relationship between Mother and the Girls. A termination trial was held over four days in August and September 2012, and in October 2012 the court issued an order terminating the parent-child relationship between Mother and the Girls.

In November 2012, the Guardian ad Litem ("GAL") filed a motion, on behalf of B.B.1, to reconsider the order terminating the parent-child relationships. A hearing was held on the motion in December 2012, and following the hearing the court denied the motion.

In March 2013, Mother filed a motion for relief from judgment pursuant to Trial Rule 60(B). The trial court denied the motion in April 2013, and this appeal followed. Additional facts will be supplied as necessary.

<u>Discussion and Decision</u>

I. Standard of Review

3

We review a trial court's grant or denial of a motion for relief from judgment for an abuse of discretion. Beike v. Beike, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004). "An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief." Id. (citation omitted).

## II. Relief from Judgment

Indiana Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>     (1) mistake, surprise, or excusable neglect;
>     ***
>     (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

Mother's motion for relief from judgment noted that Mother had informed her trial counsel that she wished to appeal the termination of her parental rights as to the Girls, but her trial counsel failed to observe the internal procedures of the public defender agency and so the appellate division was never made aware of Mother's intent to file an appeal, and an appeal was therefore never timely filed. Mother requested relief from the judgment under Trial Rule 60(B)(1), based on mistake and excusable neglect on the part of the public defender agency in not timely perfecting Mother's right to an appeal, and also under Trial Rule 60(B)(8) based on ineffective assistance of counsel. Mother requested that the court reissue the termination order to allow her to pursue a direct appeal of the termination of her

parental rights. In denying Mother's petition, the trial court noted that it did not believe that Trial Rule 60 provided for the requested procedure, questioned the validity of issuing such an order, and noted its belief that the proper remedy would be to file a notice of appeal with request for leave to file a belated appeal.

We agree with the trial court that Rule 60(B) does not provide for the requested procedure, and we conclude that the trial court did not abuse its discretion in denying the motion. There is no general rule as to what constitutes excusable neglect, rather each case must be determined upon its particular facts. Seleme v. JP Morgan Chase Bank, 982 N.E.2d 299, 310 (Ind. Ct. App. 2012), trans. denied. Seleme listed several facts that have been held to constitute mistake, surprise, or excusable neglect:

> (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

Id. We have also noted, in analyzing this Rule, that "[t]he general rule has been long and firmly established that the negligence of the attorney is the negligence of the client and relief from a judgment taken by default will not be granted unless the negligence of the attorney is shown to be excusable." Moe v. Koe, 165 Ind. App. 98, 330 N.E.2d 761, 765 (1975). Here, we find the failure of counsel to follow internal procedures and alert the public defender's appellate division to the appeal to be inexcusable rather than excusable neglect.

As for subsection eight of Rule 60(B), our caselaw makes it clear that that provision is only to be used in extraordinary circumstances, and we do not find the circumstances of this case to meet that requirement. See Weppler v. Stansbury, 694 N.E.2d 1173, 1176 (Ind. Ct. App. 1998) ("[U]nder T.R. 60(B)(8), the party asking for relief must show that its failure to act or the result was not merely due to an omission involving mistake, surprise, or excusable neglect. Rather, some extraordinary circumstances must be affirmatively demonstrated."); see also G.B. v. State, 715 N.E.2d 951 (Ind. Ct. App. 1999) (concluding that extraordinary circumstances existed where juvenile alleged that her mother's waiver of juvenile's right to counsel at modification hearing was made without juvenile's consent at proceedings adjudicating her child in need of services and committing her to Department of Correction until she reached age of eighteen, where transcript indicated that juvenile did not voluntarily join in waiver of counsel, and cast doubt upon whether meaningful consultation had occurred between juvenile and her mother); Weppler, 694 N.E.2d at 1173 (concluding that Rule 60(B)(8) applied to an insured's request for relief from a judgment enforcing his agreement to repay a loan he had received from an insurance salesman to increase the value of his life policy, where his request was based on an agreed entry resolving regulatory charges against the salesman for making the loan and the entry was not so much newly discovered as it was not in existence at the time of the trial); Flores v. Flores, 658 N.E.2d 95 (Ind. Ct. App. 1995) (concluding that Rule 60(B)(8) applied in case where absence of record would effectively foreclose mother's right to appeal first trial court's child support award; second trial court was within its discretion in granting her new hearing to relitigate child support issue; parties

6

had stipulated to in camera hearing before first court on child support issues, without contemporaneous stenographic record, and to be bound by that court's findings; first court entered its child support order thereafter; and subsequently, trial judge who conducted in camera hearing passed away); Pinter v. Pinter, 641 N.E.2d 101 (Ind. Ct. App. 1994) (concluding that Rule 60(B)(8) did not apply where former husband discovered that he was not father of former wife's daughter after he took a blood test with the explicit intention of determining whether he had fathered his former wife's daughter and did not learn that he wasn't father from unusual circumstances or ordinary medical care); Greengard v. Ind. Lawrence Bank, 556 N.E.2d 1373 (Ind. Ct. App. 1990) (concluding that a bank alleged meritorious claim and exceptional circumstances which justified relief from judgment dismissing suit to collect on promissory notes for failure to prosecute, where the bank alleged that it did not oppose dismissal for failure to prosecute because defendant had brought himself current on the notes, but subsequent to dismissal, defendant again became delinquent on the notes, necessitating that dismissal be set aside under catch-all provision of relief from judgment rule). These cases suggest, broadly speaking, that extraordinary circumstances may be found when, following trial, circumstances have changed significantly for reasons outside of the control of either the relevant party or that party's counsel. We do not hold the current case to fit into this framework.

Importantly, it appears that Mother was not seeking relief from the judgment—as contemplated by Rule 60—in that she did not request that the judgment be set aside but rather requested that the judgment be re-issued such that the clock would restart for purposes of a

direct appeal. However, it is well established that a Rule 60(B) motion may not serve as a substitute for direct appeal. Weinreb v. TR Developers, LLC, 943 N.E.2d 856, 863 (Ind. Ct. App. 2011), trans. denied. Failure to timely perfect an appeal is not only insufficient as a basis for a Rule 60(B) motion, but it also deprives this court of jurisdiction to address a direct appeal on the merits. Shettle v. Smith, 425 N.E.2d 713, 715 (Ind. Ct. App. 1981)

We also conclude that Mother did not state a meritorious claim or defense as required by Rule 60(B), in that, had the sufficiency of the evidence she now argues reached us as an issue on direct appeal, we would have determined that the evidence was sufficient.[2]

In ordering termination, the court concluded that there was a reasonable probability that the conditions that resulted in the Girls' removal would not be remedied; that continuation of the parent-child relationship posed a threat to the Girls' well-being; and that termination was in the best interest of the Girls. Among the court's many findings of fact were that Mother's sex offender program therapist found her to be mostly resistant and non-engaging, angry and disruptive; Mother's therapist believed that the molestation of M.B. was due to emotional needs and therefore there could be crossover behavior with the Girls; that Mother did not believe that she needed mental health medications, a sex offender program, or different parenting techniques; and that Mother had taken no responsibility for the Girls being placed outside the home, instead blaming others for lying, misconstruing, coercing, and being prejudiced against her—and that all of this was demonstrative of Mother being either unwilling or unable to gain insight into underlying issues and conditions during the thirty-one

---

[2] Because we do not reach this issue, we deny the State's motion to strike portions of the appellant's brief.

8

months that the CHINS proceeding had been pending.  All of which is sufficient to support the determination of the trial court.  For these reasons, we conclude that the trial court did not abuse its discretion when it denied Mother's Rule 60(B) motion.

Conclusion

Concluding that the trial court did not abuse its discretion in denying Mother's motion for relief from judgment, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.